UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GOMEZ,<br><br>  Petitioner,<br><br>  v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>  Respondents. | NO. EDCV 14-1493-GW (AGR)<br><br>ORDER TO SHOW CAUSE |

  On July 21, 2014, Petitioner[1] filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired.

  The court, therefore, orders Petitioner to show cause, on or before **August 29, 2014**, why this court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

---

[1] To the extent Petitioner is attempting to file a petition on behalf of another inmate, Robin Starr, such a filing is impermissible. *See Smith v. Schwarzennegger*, 393 Fed. Appx. 518 (9th Cir. 2010) ("The district court correctly held that Smith could not . . . appear on behalf of other inmates.") (citing *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966)).

# I.

## PROCEDURAL BACKGROUND

On about December 11, 1989, a Los Angeles County jury convicted Petitioner of murder. (Petition at 2.) Petitioner does not state the length of his sentence. (*Id.*) He did not appeal.[2]

In 2014, Petitioner filed three habeas petitions in the California Court of Appeal. All petitions were denied. *See* California Appellate Courts Case Information online docket in Case Nos. B255194, B256099 and B256347.

On July 21, 2014, Petitioner filed the instant petition in this court in which he lists three grounds. (Petition at 5-6.)

# II.

## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D). The only relevant subdivision here is (d)(1)(A).

Because Petitioner did not appeal, his conviction became final 60 days after his conviction sometime in the late 1980s or early 1990s. California Rules of

---

[2] Petitioner states that he did appeal. (Petition at 3.) However, the case number he provides is a habeas case he filed on March 27, 2014, in the California Court of Appeal, which was denied on June 24, 2014. California Appellate Court Case Information online docket in Case No. B255194. A search of California's appellate docket using the trial court case number (A972517) indicates that no appeal of his criminal conviction was filed.

Court 8.308(a) (formerly Rule 30.1).  Because the conviction became final before the AEDPA was enacted in 1996, Petitioner had until April 24, 1997, to file a federal habeas petition.  *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003).  Absent tolling, the petition is time-barred.

### A. Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Because Petitioner did not file his first state habeas petition until 2014, he is not entitled to statutory tolling.  *See Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003) (state habeas petition filed after the limitations has expired does not revive the expired limitations period).

### B. Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling."  *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)).  "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence."  *Id.* at 2565 (citations and quotation marks omitted).  The extraordinary circumstances must have been the cause of an untimely filing.  *Pace*, 544 U.S. at 418.  "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" were the *cause* of [the prisoner's] untimeliness.'"  *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

There is no indication in the petition that Petitioner is entitled to equitable tolling.

### III.

### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before *August 29, 2014*, Petitioner shall show cause why the court should not recommend dismissal of the petition based on expiration of the one-year statute of limitations.

**If Petitioner fails to respond to the order to show cause by the above deadline, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED: July 30, 2014

ALICIA G. ROSENBERG
United States Magistrate Judge

4