UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOSE GOMEZ,                          )        NO. EDCV 14-1493-GW (AGR)
                 Petitioner,          )
                                      )
          v.                          )
                                      )        ORDER TO SHOW CAUSE
STATE OF CALIFORNIA, et al.,          )
                 Respondents.         )
                                      )
                                      )
_____   )

**I.**

**PROCEDURAL BACKGROUND**

On July 21, 2014, Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254.  On July 30, 2014, the court issued an order to show cause, returnable on August 29, 2014, why it should not recommend dismissal of the petition based on expiration of the statute of limitations.  (Dkt. No. 4.)  Petitioner did not file a response.

On September 8, 2014, Petitioner filed a first amended petition ("FAP").  The July 30, 2014 order to show cause (Dkt. No. 4) is DISCHARGED.  However,

1   based on the FAP, it still appears that the one-year statute of limitations has

2   expired.

3        In 1989 or 1990, a Los Angeles County jury convicted Petitioner of murder.

4   (FAP at 2, 18.)  The court sentenced him to 16 years to life.  (*Id.* at 2.)  The

5   California Court of Appeal affirmed the conviction on June 4, 1992.  California

6   Appellate Courts Case Information in Case No. B044314.  Petitioner did not file a

7   petition for review in the California Supreme Court.  (FAP at 3.)

8        In 2014, Petitioner filed three habeas petitions in the California Court of

9   Appeal.  All petitions were denied.  *See* California Appellate Courts Case

10  Information online docket in Case Nos. B255194, B256099 and B256347.

11       Petitioner lists five grounds in the instant petition.  (FAP at 5-6.)

12                                  **II.**

13                       **STATUTE OF LIMITATIONS**

14       The petition was filed after enactment of the Antiterrorism and Effective

15  Death Penalty Act of 1996 ("AEDPA").  Therefore, the court applies the AEDPA in

16  reviewing the petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138

17  L. Ed. 2d 481 (1997).

18       The AEDPA contains a one-year statute of limitations for a petition for writ

19  of habeas corpus filed in federal court by a person in custody pursuant to a

20  judgment of a state court.  28 U.S.C. § 2244(d)(1).  The one-year period starts

21  running on the latest of either the date when a conviction becomes final under 28

22  U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

23       **A.    The Date on Which Conviction Became Final – § 2244(d)(1)(A)**

24       The California Court of Appeal affirmed the judgment on June 4, 1992.

25  Because Petitioner did not file a petition for review, his conviction became final 40

26  days later on July 14, 1992.  *See Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th

27  Cir. 2005).

28

                                  2

Because the conviction became final before the AEDPA was enacted in 1996, Petitioner had until April 24, 1997, to file a federal habeas petition. *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003). Absent tolling, the petition is time-barred.

### 1. Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Because Petitioner did not file his first state habeas petition until 2014, he is not entitled to statutory tolling. *See Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003) (state habeas petition filed after the limitations has expired does not revive the expired limitations period).

### 2. Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

3

There is no indication in the FAP that Petitioner is entitled to equitable tolling.

### B.    Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

In the context of an ineffective assistance claim, the statute of limitations may start to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim that his counsel's performance was deficient, or on the date a petitioner discovered (or could have discovered) the factual predicate for prejudice, whichever is later.  *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Therefore, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  The statute starts to run when the petitioner knows or through diligence could discover the important facts, not when the petitioner recognizes their legal significance.  *Hasan*, 254 F.3d at 1154 n.3.

In Ground One, Petitioner alleges that his trial and appellate counsel were ineffective.  (FAP at 5.)  He alleges that his trial counsel "refused to hire an investigator to investigate police brutality in which the Rampart Police" detectives were involved.  (*Id.* at 9.)  He also alleges that trial counsel "acted as an advocate for the prosecution and waived [Petitioner]'s due process and equal protection rights to an affirmative defense."  (*Id.* at 10 (formatting omitted).)  He alleges that counsel failed to investigate and prepare for trial, failed to file a motion to dismiss based on illegal arrest and the alleged breach of Petitioner's right to a speedy trial.  (*Id.*)  Counsel also allegedly failed to object to "false testimony," failed to challenge the prosecutor's misconduct, and failed to exclude certain prospective jurors from the panel.  (*Id.*)  Petitioner does not elaborate on any ineffective assistance by appellate counsel.

4

All of issues alleged by Petitioner occurred before the end of trial. Therefore, Petitioner knew of the factual predicate before his conviction became final.  The date of discovery does not assist Petitioner.

### III.

### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before *October 22, 2014*, Petitioner shall show cause why the court should not recommend dismissal of the petition based on expiration of the one-year statute of limitations.

**If Petitioner fails to respond to the order to show cause by the above deadline, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED:  September 22, 2014

_____
ALICIA G. ROSENBERG
United States Magistrate Judge