UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GOMEZ,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Respondents. | NO. EDCV 14-1493-GW (AGR)<br><br><br>ORDER TO SHOW CAUSE |

## I.

## PROCEDURAL BACKGROUND

In 1989, a Los Angeles County jury convicted Petitioner of murder. (First Amended Petition ("FAP") at 2.) The court sentenced him to 16 years to life. (*Id.*)

On July 21, 2014, Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. On July 30, 2014, the court issued an order to show cause ("OSC") why it should not recommend dismissal of the petition based on expiration of the statute of limitations. (Dkt. No. 4.) Petitioner did not file a response.

On September 8, 2014, Petitioner filed a FAP. Based on the FAP, it still appeared that the one-year statute of limitations had expired. Accordingly, on September 22, 2014, discharged the first OSC and issued a second OSC based on the FAP. (Dkt. No. 8.)

On November 20, 2014, Petitioner filed a response and a request for appointment of counsel.[1] Petitioner alleges he is part of the prison mental health program and suffers from a "mental illness." (Response at 1, 3; *see also* Dkt. No. 6 at 1-3 (Petitioner Declaration).) The second OSC (Dkt. No. 8) is DISCHARGED. *See Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003).

The California Court of Appeal affirmed Petitioner's conviction on June 4, 1992. California Appellate Courts Case Information online disposition in Case No. B044314. Petitioner did not file a petition for review in the California Supreme Court. (FAP at 3.)

In 2014, Petitioner filed three habeas petitions in the California Court of Appeal. All petitions were denied. *See* California Appellate Courts Case Information online docket in Case Nos. B255194, B256099 and B256347.

Petitioner appears not to have filed any habeas petition in the California Supreme Court. Accordingly, Petitioner shall show cause why the petition should not be dismissed without prejudice based on failure to exhaust administrative remedies.

## II.

## **EXHAUSTION**

The AEDPA provides that a petition for writ of habeas corpus brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances

---

[1] The request for counsel will be addressed by separate order.

2

exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Exhaustion requires that Petitioner's contentions be fairly presented to the state's highest court, in this case the California Supreme Court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). Petitioner bears the burden of demonstrating that he described to the California Supreme Court both the operative facts and the federal legal theory on which his claim is based. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).

On pages 5-6 of the form petition, where Petitioner lists the grounds raised in the petition, he alleges he raised each ground in a habeas petition in the California Supreme Court. However, on pages 2-3 of the form, he does not state that he filed any habeas petitions, the name of the court, the date filed, the grounds raised, the date of the decision, or the result. In addition, based on the court's review of California's online docket, Petitioner has never presented any grounds for relief to the California Supreme Court. Nor has he identified any habeas petition he filed in the California Supreme Court.

Thus, the petition appears to be completely unexhausted and is subject to dismissal without prejudice on that basis. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

## III.

## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that on or before ***January 5, 2015***, Petitioner shall show cause why the court should not recommend dismissal of the petition without prejudice based on his failure to exhaust administrative remedies in California.

**If Petitioner fails to respond to the order to show cause by the above deadline, the court will recommend that the petition be dismissed without prejudice based on failure to exhaust.**

DATED: December 5, 2014

  ALICIA G. ROSENBERG
  United States Magistrate Judge